UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA WAYNE MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00349-JMS-MG |
| | ) |
| ROBERT E. CARTER, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Joshua Murphy filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2020, while he was an inmate of the Indiana Department of Correction (IDOC). Dkt. 1. Mr. Murphy named defendant Robert E. Carter, Jr., the IDOC Commissioner, in his complaint, and alleged that in May 2020 he requested to be provided with soap that is not made with a pork byproduct due to his religious beliefs as a practicing Sunni Muslim. Dkt. 7 at 2. Mr. Murphy alleged that his requests were denied, and he sought injunctive relief and monetary damages. *Id.* Mr. Murphy's claims against the Commissioner in his official capacity proceeded under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). *Id.* On January 12, 2021, the Court issued a pretrial scheduling order to set pretrial deadlines and further outline how discovery would proceed in this matter. Dkt. 19.

On February 5, 2021, Mr. Murphy notified the Court of his change of address; he has been released from IDOC custody.[1] Dkt. 20. On October 22, 2021, the Commissioner filed a motion to

---

[1] According to IDOC Offender Data, Mr. Murphy was returned to court authority on release on February 12, 2021. *See* Indiana Offender Database Search (last visited Jan. 11, 2022).

dismiss this action for Mr. Murphy's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and for lack of subject matter jurisdiction, under Rule 12(b)(1). Dkt. 26.

As it relates to subject matter jurisdiction, the defendant argues that since Mr. Murphy has been released from prison, his request for injunctive relief—provision of halal soap while at the facility—cannot be obtained. Dkt. 27 at 6. Further, the defendant argues that Mr. Murphy cannot recover damages from the Commissioner, who is sued in his official capacity, for any claims brought under 42 U.S.C. § 1983, as barred by the Eleventh Amendment, and he cannot recover damages under RLUIPA. *Id.* While the Court would ordinarily address the jurisdictional matters first, given that it is wholly dispositive, the Court will only resolve this matter on the defendant's first argument, Mr. Murphy's failure to prosecute.

In support of the motion to dismiss for failure to prosecute, the defendant stated that Mr. Murphy has failed to participate in the discovery process or take any action since he filed his notice of change of address in February 2021. *Id.* at 1. Specifically, Mr. Murphy has not served his initial disclosures, has not served any discovery requests, and did not provide any settlement demand, as required by the Court's pretrial scheduling order. Dkt. 27 at 3-4. The defendant correctly points to Mr. Murphy's history of failure to prosecute, since his release, in his recent cases before this Court.[2]

Mr. Murphy did not respond to the defendant's motion to dismiss, and the time to do so has passed. The defendant filed a motion for summary judgment on November 1, 2021, and Mr.

---

[2] In *Murphy v. Comm'r, IDOC*, No. 2:19-cv-00571-JRS-MJD, Mr. Murphy did not respond to the Commissioner's motion for summary judgment, and the unopposed motion was granted in favor of the defendant.

In *Murphy v. Carter*, No. 2:20-cv-00348-JRS-MG, the Court dismissed the action with prejudice for Mr. Murphy's failure to attend a telephonic status conference and failure to respond to a show cause order to explain why he had not appeared and had not participated in the discovery process in compliance with the Court's pretrial scheduling order.

Murphy also failed to respond to that motion. *See* dkts. 28-30 (motion for summary judgment, brief, and notice regarding plaintiff's right to respond).

On December 10, 2021, the Court permitted Mr. Murphy a final opportunity to respond to the defendant and the Court in its Order to Plaintiff to Show Cause. *See* dkt. 31. Mr. Murphy was directed to explain why he failed to comply with the Court's pretrial scheduling order, participate in discovery, and respond to the defendant's motions, and why this action should not be dismissed as a result of those failures, by January 10, 2022. *Id.* The Court warned Mr. Murphy that if he did not respond to the Court's show cause order, this matter would be subject to dismissal without further warning. *Id.* This deadline has passed, and Mr. Murphy did not respond.

A district court may dismiss an action with prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Whether dismissal is an appropriate sanction for a plaintiff's failure to prosecute "depends on all the circumstances of the case." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 567 (7th Cir. 2011). Dismissal is generally appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014). "Factors relevant to the decision to dismiss include the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions and any demonstrated merit to the suit." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). "With those factors in mind, a court may dismiss a suit **after the plaintiff has willfully refused to comply** with discovery orders and the plaintiff has **been warned** that noncompliance may lead to dismissal." *Id.* (emphasis added).

Because Mr. Murphy has failed to prosecute his case, participate in discovery, and to comply with multiple Court orders, especially after ample warning from the Court, the Court concludes that he has abandoned this action.

Accordingly, the defendant's motion to dismiss, dkt. [26], is **GRANTED** to the extent that this action is **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).[3]

As the Court has now made its ruling on the defendant's motion to dismiss, the defendant's motion for summary judgment, dkt. [28], is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: 1/13/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA WAYNE MURPHY
1001 North Indiana Street
Kokomo, IN 46901

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

---

[3] "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." *See* Fed. R. Civ. P. 41(b).